

**RC Law Group, PLLC**
285 Passiac Street
Hackensack, New Jersey 07601
Tel: (201) 282-6500
Fax: (201) 282-6501
Web: www.rclawgroup.com

REVAZ CHACHANASHVILI∫
URI HOROWITZ▲
DANIEL KOHN▲
YAAKOV SAKS▲*
JACOB SINGER▲
JUDAH STEIN▲

LOCAL COUNSEL
DANIEL RUGGIERO△
MICHAEL J. RINGELHEIM◊
ROBERT TZALLΣ
ARYEH STEIN Ω
MARINA DZHAMILOVA●
AVRAHAM CUTLER‡
JONATHAN A. STIEGLITZ✓

▲ *NJ & NY Bars*   ∫ *NY Bar*   △ *ME, MA, CT, RI, PA & FL Bars*   ◊ *FL & TX Bars*   Σ *NV & UT Bars*
Ω *MD, VA & DC Bars*   ● *WA Bar*   Ω *MD, VA & DC Bars*   ‡ *NY, AZ, & MN Bars*   ✓ *CA Bar*
\**Federal Court – CO, TX, WI, MO, NE, NM, IL, ND, MI, CT* ∫

February 15, 2018

The Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>**VIA ECF**</u>

      Re:    <u>Abraham Rozman v. Chase Bank USA, N.A.</u>
               <u>Case No. 1:17-cv-06077-SJ-SMG</u>

Your Honor,

      This office represents Plaintiff, Abraham Rozman, in the above-referenced matter. We write in accordance with Your Honor's Order dated February 1, 2018 to outline the basis and nature of any claims for actual damages, as well as Plaintiff's defense to Defendant's Counterclaims.

      As alleged in the complaint, Plaintiff's claims arise under 47 U.S.C. 227 et seq. commonly referred to as the Telephone Consumer Protection Act ("TCPA"). Pursuant to 47 U.S.C. §227(b)(3)(B), a private cause of action exists whereby a person may recover "actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater". Furthermore, if "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)." 47 U.S.C. §227(b)(3)(C). In the case at bar, Plaintiff is seeking statutory damages of $500-$1,500 per violation, as set forth in §227(b)(3)(B)-(C).

      As to its defenses to Defendant's counterclaims, Plaintiff maintains that while it entered into binding and enforceable Cardmember Agreements that governed Plaintiff's use of its Chase credit card accounts, it is not liable for the purported balance due, $26,769.82. Plaintiff maintains that it paid its bills, and any outstanding balances are the result of unsubstantiated fees, interest, penalties and collection costs added to the balance Defendant.

      Furthermore, Plaintiff maintains that Defendant's alleged violative phone calls to Plaintiff were only made in reference to one individual credit card account. Accordingly, Defendant cannot counterclaim as to all four Chase credit card accounts, as pleaded in its counterclaim seeking judgment for a purportedly combined balance due, $26,769.82.

      We thank Your Honor and the Court for its consideration and courtesies.

      Respectfully submitted,

        /s/ *Daniel Kohn*
      Daniel Kohn